THE COURT: Based on the creditable evidence that has been CT Page 25 produced or perhaps even the lack of evidence that has not been produced in this case I would address the first the second count firstly. Count two which is a Breach of a Warranty deed alleges that the warranty deed in and of itself contained a warranty that the subject premises was a three family house. The plaintiffs have failed to produce any evidence whatsoever to support that contention, so therefore, I rule in favor of the defendant's as far as count two.
As far as count one entitled Breach of Contract the singular paragraph in which this entire case hinges is that paragraph two which says that the contract stated among other things that the aforesaid premises was a three family home. Whatever might have transpired with the building inspectors department is facts, these are after facts that are something that transpired well after the contract was signed and entered into.
I have read this contract several times very carefully. Nowhere in that contract does it say or is there a representation that the contract stated that it was a three family home. Furthermore, the best evidence, the creditable evidence is that the contract was prepared by the purchasers and therefore any ambiguity that may be created by words "third floor tenant" to vacate unit day of closing must be construed against the purchasers. But even that in and of itself does not say that there is a three family house. Furthermore, in assessing this case the creditable evidence does not convince me by fair preponderance of the evidence, I don't want to use the word convince in a standard of proof, but it is difficult for me to comprehend what expenses or repairs which the plaintiffs claim to have made which would even address converting this property to a legally existing three family house. For instance he said, siding, siding is siding whether it is a one, two, three or four family house. Electrical repairs were apparently at least initially thought to change the electric bills for the hallways and divide those accordingly. It might be just some up grade I can't determine those expenses which might be attributable to a conversion. And I am not so sure based on the evidence I am sure of one thing is that there was no evidence produced in this case that showed there was a violation of this house. I know from my own background and my own experience I don't make this as a finding in this matter, but this could very well have been a legal existing three family house. And when it is acquired any then owners attempt to up grade it, then the city requires that the property be brought up to code whether it be a two family or CT Page 26 three family. There has been no evidence to prove that this was a two family or a three family prior to Mr. Pienkos going to pull a permit for electrical work.
From an equitable point of view admittedly I believe that Mr. and Mrs. Pienkos did expend some money to up grade this property. If they follow all of the internal revenue service rulings and regulations by way of depreciation and even expensing some items which might be — that are not capital expenditures but expenses incurred in the year that it can be deductible.
They will recoup anything they put back into this property. So though it might be a longer time than they anticipate if there is a recovery from the defendant's here there is only one defendant, they will not suffer a loss in the long term. But the bottom line here is that you cannot make a silk purse out of sows ears. The contract doesn't say it was a three family and therefore the plaintiffs have not sustained their burden of proof. The court stands in recess
Whereupon, the hearing was concluded.